IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-CV-00972-K |
| | § | |
| CVS PHARMACY, INC. and | § | |
| EMERSON HEALTHCARE, LLC | § | |
| | § | |
| Defendants. | § | |

# DEFENDANT EMERSON HEALTHCARE, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.   INTRODUCTION

Plaintiff Mary Aguilar seeks damages for personal injuries she alleges she sustained after using Sarna, an over-the-counter anti-itch lotion, that she claims was purchased at a CVS in Dallas, Texas. Defendant Emerson Healthcare, LLC ("Emerson") is the distributor of Sarna, and Defendant CVS Pharmacy, Inc. ("CVS") is the retailer at which the Sarna used by Plaintiff was allegedly purchased.

Plaintiff asserts claims of strict liability, negligence and gross negligence, breach of express and implied warranties, and DTPA violations against Emerson. App., p. 3–6. Plaintiff seeks to recover damages based on alleged personal injuries. App., p. 7–8.

Emerson moves for summary judgment on two grounds. First, Emerson is a nonmanufacturing seller under Texas Civil Practice and Remedies Code, Section 82.003. As such, Emerson is not liable for any harm to Plaintiff caused by the subject product, Sarna. Second, the applicable statutes of limitations related to Plaintiff's personal injury claims have expired and, thus, Plaintiff's claims are time-barred.

1

## II.     STATEMENT OF FACTS

This case arises from alleged injuries Plaintiff received after applying an over-the-counter anti-itch cream called Sarna to her skin. According to Plaintiff, upon applying the lotion, "it affected her skin and causes [sic] her to lose her on left eye brown hair [sic]; bruises on her right arm and cheek bruises; and third degree burns to the skin." App., p. 2. Plaintiff claims she has sensitive skin as a result of the injuries she sustained and cannot stay in the sun for extended periods of time. App., p. 2.

All Defendants have denied the claims asserted by Plaintiff. Moreover, Emerson specifically denies any liability to Plaintiff as it did not manufacture the product in question. Rather, it only distributed the product and, as such, is a nonmanufacturing seller under Texas Civil Practice & Remedies Code, Section 82.003 which is not liable for any harm to Plaintiff. Even further, Emerson asserts this case is barred in its entirety by the applicable statutes of limitations. Tex. Civ. Prac. & Rem Code § 16.003(a).

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Inc. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. 242–43 (1986)). Additionally, "[a]n issue is material if its resolution could affect the outcome of the action." *Terrebonne Par. Sch. Bd. V. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

Initially, the moving party bears the burden of demonstrating the basis for its belief that there is no genuine issue of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After making this showing, the burden shifts to the nonmoving party to establish a genuine dispute of material fact such that a reasonable jury could return a verdict in its favor. *See id.* Summary judgment must be granted when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case. . ." *Id.* at 322. Indeed, the Supreme Court has found that the Rule should be interpreted in a way that allows it to accomplish one of its primary purposes of isolating and disposing of factually unsupported claims or defenses. *Id.* at 323–24; *see also Wile v. Abbott*, 459 F.Supp.3d. 803, 806 (N.D. Tex. 2020).

## IV.     ARGUMENT

**I.     Emerson is not liable as a nonmanufacturing seller under Texas Civil Practices & Remedies Code Section 82.003.**

A products liability action in Texas includes "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code §82.001(2). It is well established that Texas law protects nonmanufacturing sellers through its innocent seller statute, which provides that "a seller that did not manufacture a product is *not* liable for harm caused to claimant by that product. . ." Tex. Civ. Prac. & Rem. Code § 82.003(a) (emphasis added). A "seller" is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Tex. Civ. Prac. & Rem. Code § 82.001(3). As shown herein, Emerson is solely a distributor. It had nothing to do with the manufacture of the product. App., p. 11, ¶ 3–4. Emerson,

therefore, is a nonmanufacturing seller under Texas Civil Practice & Remedies Code Section 82.003.

Several exceptions to the nonmanufacturing seller statute exist, none of which apply here. For example, if the nonmanufacturing seller participated in the design of the product, or if the claimant's harm resulted from the nonmanufacturing seller's preparation of inadequate warnings, immunity may not extend to a nonmanufacturing seller. Tex. Civ. Prac. & Rem. Code § 82.003(a)(1), (4). The burden is on the claimant, however, to prove that one of the seven exceptions applies. Tex. Civ. Prac. & Rem. Code § 82.003(a). In essence, absent an applicable exception, Texas' nonmanufacturing seller statute bars recovery from a product seller who merely distributes an allegedly defective product. *Alonso ex rel. Est. of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005); *see George v. SI Group, Inc.*, 36 F.4th 611, 620 (5th Cir. 2022) (finding that the nonmanufacturing seller statute essentially "immunizes a nonmanufacturing seller from products-liability claims unless the claimant proves that a statutory exemption applies.").

Here, Emerson is a nonmanufacturing seller under the statute because its only involvement with Sarna was to distribute it from the manufacturer to the retailer. As shown by the Affidavit of Patrick Gibbons, attached hereto as Exhibit "B," Emerson, as the distributor of the product, did not design, manufacture, assemble, or alter Sarna in any way. App., p. 11, ¶ 3–4. Nor did Emerson prepare or exercise any control over the warnings that accompanied Sarna. App., p. 11, ¶ 5. Emerson's only involvement with Sarna was to receive it, already packaged from the manufacturer, and distribute it to retailers as directed by the manufacturer. App., p. 12, ¶ 6. Emerson, therefore, lands squarely within the definition of a nonmanufacturing seller under section 82.003 and cannot be held liable for any harm alleged by Plaintiff as a result of the use of Sarna. Tex. Civ. Prac. & Rem. Code § 82.003(a).

Emerson, therefore, is entitled to judgment as a matter of law on all claims asserted by Plaintiff against Emerson in this case.

## II.     The applicable statutes of limitations bar Plaintiff's claims.

In cases based on diversity, the limitations period is determined by the choice-of-law rules of the forum state. *See Ellis v. Great Sw. Corp.*, 646 F.2d 1099, (5th Cir. 1981); *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 488 (5th Cir. 2023). In Texas, the statute of limitations to bring a claim for personal injury is "[no] later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem Code § 16.003(a); *see Zurich Am. Ins. Co. v. JLG Indus., Inc.*, No. 3:11-CV-3431-L, 2012 WL 3193918 (N.D. Tex. Aug. 7, 2012) (finding that whether the claims for personal injury are based in negligence or products liability, the statute of limitations for personal injury actions is two years). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of [her] complaint." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987). Thus, the cause of action accrues when the plaintiff is aware she has suffered an injury. *Id.* The plaintiff's awareness is comprised of both the existence of the injury and the casual connection between the injury and the defendant's actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Likewise, claims asserted under the Deceptive Trade Practices Act ("DTPA") have a statute of limitations of two years. *Perez v. Am. Med. Sys. Inc.*, 461 F.Supp.3d 488, (W.D. Tex. 2020). Specifically, the actions brought under the DTPA "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence. . ." Tex. Bus. & Com. Code § 17.565.

Plaintiff was fully aware of an injury she attributed to Sarna no later than February 2021. App., p. 13. Although Plaintiff alleges in her Petition she purchased and used Sarna "[o]n or about

March 24, 2022," *see* App., p. 2, correspondence from Plaintiff's counsel confirms this date is not accurate and establishes that *Plaintiff was aware of injuries she attributed to Sarna on November 1, 2020.* App., p. 14. Specifically, Mr. Notzon, who currently represents Plaintiff in this action, sent a letter of representation to CVS and Crown Laboratories on June 7, 2021, in which he stated, "*the incident occurred on November 1, 2020.*" App., p. 14.

Moreover, Plaintiff herself reported the incident to Emerson on February 22, 2021, where she stated, "Yes sir I have a claim with cvs and they gave me the product company that makes or distributes the lotion that burned by face and arms." App., p. 13. These communications—from Mr. Notzon and Plaintiff herself—establish that the March 24, 2022 date provided in Plaintiff's Original Petition for the purchase and use of Sarna is simply false and that Plaintiff was aware of an injury she claimed was caused by Sarna well before March 24, 2022, and no later than February 22, 2021. App., p. 2, 13.

The evidence establishes that Plaintiff was unquestionably aware of an injury she alleges was caused by the subject product, Sarna, on November 1, 2020, or at the very latest, February 22, 2021. Plaintiff's Original Petition was first filed in state court on March 24, 2023, *more than two years* after both dates of November 1, 2020 and February 22, 2021. App., p. 1. Accordingly, Plaintiff's claims are time-barred because the applicable two-year statute of limitation expired prior to any claims being filed against Emerson.

### V.     CONCLUSION

Emerson is entitled to judgment as a matter of law on each claim in Plaintiff's Original Petition before this Court because Emerson is a nonmanufacturing seller who only distributed, and did not manufacture, Sarna, and because the applicable two-year statute of limitations expired on all of Plaintiff's claims prior to the filing of Plaintiff's suit. As a result, Emerson is entitled to and

respectfully moves for summary judgment on all of Plaintiff's claims.

Dated: June 28, 2023.

            Respectfully submitted,

            */s/ Alan R. Vickery*
            Alan R. Vickery
            Texas Bar No. 20571650
            Alan.vickery@bowmanandbrooke.com
            Melissa B. Hostick
            Texas Bar No. 24128832
            melissa.hostick@bowmanandbrooke.com
            **BOWMAN AND BROOKE LLP**
            5850 Granite Parkway, Suite 900
            Plano, Texas 75024
            Phone: (972) 616 1700
            Facsimile: (972) 616 1701

            **ATTORNEYS FOR DEFENDANT**
            **EMERSON HEALTHCARE LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on this 28th day of June 2023.

      */s/ Alan R. Vickery*
      Alan R. Vickery