IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY AGUILAR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:23-CV-00972-K |
| CVS PHARMACY, INC. and EMERSON HEALTHCARE, LLC | § § § § | |
| Defendants. | § | |

## APPENDIX

Ex. A – Plaintiff's Original Petition ....................................................................................... 1-10

Ex. B – Affidavit of Patrick Gibbons ...................................................................................... 11-12

    Ex. 1 – Email communications ......................................................................................... 13

Ex. C – Letter from The Notzon Law Firm ........................................................................... 14-15

Respectfully submitted,

*/s/ Alan R. Vickery*
Alan R. Vickery
Texas Bar No. 20571650
Alan.vickery@bowmanandbrooke.com
Melissa B. Hostick
Texas Bar No. 24128832
melissa.hostick@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Phone: (972) 616 1700
Facsimile: (972) 616 1701

**ATTORNEYS FOR DEFENDANT
EMERSON HEALTHCARE LLC**

Case 3:23-cv-00972-K   Document 19   Filed 06/28/23   Page 2 of 16   PageID 173

FILED
3/24/2023 10:05 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Connie Jones DEPUTY

CITATION BY CERTIFIED MAIL 2
JURY DEMAND

DC-23-03986

CAUSE NO. _____

| | | |
|---|---|---|
| **MARY AGUILAR** | § | IN THE JUDICIAL DISTRICT |
| *Plaintiff,* | § | 95th |
| | § | |
| V. | § | _____ DISTRICT COURT |
| | § | |
| **CVS PHARMACY, INC AND EMERSON HEALTHCARE, LLC** | §§ | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff **MARY AGUILAR**, Individually and complaining of Defendants, **CVS PHARMACY, INC.**, (hereinafter called "CVS") and **EMERSON HEALTHCARE, LLC**, (hereinafter called "EMERSON" ), and for cause of action, would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intend to conduct discovery in this case under Level 2 of Rule 190.3 of the Texas Rule of Civil Procedure and affirmatively pleases that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 pursuant to Tex. R. Civ. P. 47 (c)(4).

### II. PARTIES

*A. Plaintiff*

2. Plaintiff, Magdalena Rangel, is a resident of Waco, McLennan County, Texas.

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 1 of 9

Ex. A                                           1

## B. Defendants

3. Defendant, **EMERSON HEALTHCARE, LLC**, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent of the corporation, Debbie DiVtantionio, 407 E. Lancaster Avenue, Wayne, PA 19087 or wherever she may be found.

4. Defendant, **CVS PHARMACY, INC.**, is a for-profit corporation, incorporated under the laws of the State of Texas, with its principal place of business in Dallas County, Dallas, Texas, by serving the registered agent of the corporation C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 or anywhere else it may be found.

## III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because the parties are Texas residents.

7. Venue in Dallas County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because she was injured by the product, she purchased which forms the basis of this suit which occurred in Dallas County, Texas.

## IV. FACTS

9. On or about March 24, 2022, Plaintiff went to CVS in Dallas, Texas and purchased a sarna cream. Once the client put on the cream it affected her skin and causes her to lose her on left eye brown hair; bruises on her right arm and cheek bruises; and third degree burns to the skin. Due to the injuries caused by the cream my client now has sensitive skin and she cannot be in the sun for an extended period of time. She received medical treatment at Parkland Hospital as a result of the injuries causes by the cream. She did not have any skin conditions before using the Sarna cream.

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 2 of 9

Ex. A                                                                2

## V. STRICT PRODUCTS LIABILITY

10. Plaintiff incorporate by reference all other paragraphs of this Compliant as if fully set forth herein.

11. Defendant Emerson Healthcare, LLC manufactured Sarna cream products. Defendant CVS distributed the sarna cream product in their premises. Defendants should have reasonably foreseen that the dangerous conditions caused by the defective products would subject users to harm resulting from the defects. Defendants acted with conscious disregard for the safety of MARY AGUILAR, and other similarly situated knowing that their conduct created a high and unreasonable risk of serious harm to others and the jury should be permitted to return a verdict of aggravating circumstances damages that will serve to punish Defendants and deter others from like conduct.

12. Plaintiff MARY AGUILAR used the Defendants' products for its intended purpose and in a reasonable and foreseeable manner. Nevertheless, Plaintiff has suffered damages through no fault of her own but as a direct and proximate result of the Defendants conduct and/or omissions.

13. As a proximate result of the actions and omissions of the Defendants, Plaintiff MARY AGUILAR suffered injuries and damages for which Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE

14. Plaintiff realleged and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein their entirety.

15. The Defendants had a duty to Plaintiff to provide safely designed and manufactured products. Defendants also had a duty to warn Plaintiff of any side effects of same but Defendant failed to fulfill this duty.

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 3 of 9

Ex. A                                                                                   3

16. Defendants were negligent and grossly negligent in at least the following respects as it relates to the products:

   a. Creating a hazardous and dangerous condition for plaintiff and users;

   b. Creating, designing and distributing cream and products that causes burns upon usage, instead of safely designing and/or creating products that are reasonably minimize injuries in foreseeable situations;

   c. Failing to warn of any side effects of using product.

   d. Failing to adequately monitor the performance of the cream and products in the field to ensure that they were reasonably minimizing failures'

   e. Failing to adequately test the cream and product to ensure that it would be reasonably safe in foreseeable situations;

   f. Failing to recall, retrofit, or issue post-sale warnings after the Defendants knew, or should have known, that the cream and product and it components parts were unsafe and unreasonably dangerous to certain skins;

   g. Failing to monitor its quality control unit suppliers; and

   h. Failing to impose rigorous manufacturing quality control standards on its suppliers.

17. Each of the foregoing negligent acts and omissions, and other not listed above, whether taken singularly or in any combination, proximately caused the injuries and damages of Plaintiff set forth herein.

18. Defendants engaged in acts and/or omission which, when viewed objectively from their standpoints at the time of their occurrences, involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which each had actual,

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 4 of 9

Ex. A                                                                 4

subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff, users of Defendants' products and services and the public at large.

19. MARY AGUILAR suffered injuries and damages, for which Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court.

## VII. BREACH OF EXPRESS AND IMPLIED WARRANTIES

20. Plaintiff reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

21. Defendants breached express warranties that the products were safe, reliable and that quality was of paramount importance.

22. Defendants also breached the implied warranties of merchantability. The warranty of merchantability is implied into every commercial transaction. The warranty of merchantability requires that products be of reasonable workmanlike quality and free from defects. Defendants impliedly warranted that the products (cream) were of merchantable quality. Defendants breached the warranty of merchantability by designing, manufacturing, distributing, selling, and refusing to adequately repair or replace their products after it became apparent they were defective in its ability not cause burns or harm to the skin.

23. At all times, Plaintiffs relief on representations made by Defendants that their product (cream) are reliable and of a quality that rendered them suitable for their intended use. Plaintiff also relief on Defendants to produce products (cream) of merchantable quality as required by the implied warranty of merchantability.

24. The Defendants breached its warranties to Plaintiff in that the defective make of the product (cream) renders them unsuitable for their intended purpose and Defendants refuse to

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 5 of 9

Ex. A    5

properly replace these items or the damages caused.

25.  As a proximate result of the Defendants' conduct, which led, Plaintiff MARY AGUILAR to be injured, Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court.

## VIII. DTPA VIOLATIONS

26.  Plaintiff reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

27.  Defendants breached express warranties that their products were safe to use on the body and face.

28.  Defendants also violated §17.46(b)(7), (13), (24), *inter alia,* when they (i) represented that the products were of a particular standard, quality, or grade, or that it was of a particular style or model, when it was of another; (ii) knowingly made false or misleading statements of fact concerning the products; (iii) failed to disclose information concerning the inadequate products that was known at the time of the transaction since such failure to disclose such information was intended to induce MARY AGUILAR and her family into a transaction into which the family would have not have entered had the correct information and warnings been disclosed.

29.  As a proximate result of the Defendants' conduct, which contributed MARY AGUILAR injuries, Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court.

## XI. PROXIMATE CAUSE

30.  Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC, taken separately

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 6 of 9

Ex. A                                                                                                                   6

and/or collectively, constitute direct and proximate cause of the injuries and damages set forth herein.

## X. EXEMPLARY DAMAGES

31. Defendants, acts, or omissions described above, when viewed from the standpoint of Defendants, at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC, had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare or Plaintiff and others.

32. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC.

## XI. DAMAGES FOR PLAINTIFF

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC, acts as described herein, Plaintiff, **MARY AGUILAR** was caused to suffer injuries including bruises, third degree burns to the skin, sensitive skin and discomfort when in the sun to her body resulting in damages more fully set forth below.

34. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **MARY AGUILAR** has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **MARY AGUILAR** for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County Texas;

   B. Reasonable and necessary medical care and expenses which will in all

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 7 of 9

Ex. A                                                                  7

reasonable probability be incurred in the future;

C. Physical pain and suffering in the past and in the future;

D. Mental anguish in the past and in the future;

E. Disfigurement in the past and in the future;

F. Physical impairment in the past and in the future;

G. Loss of wages.

35. By reason of the above, Plaintiff, **MARY AGUILAR** has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII. REQUEST FOR JURY TRIAL

36. Plaintiff demands a jury trial.

## XIII. REQUEST FOR DISCLOSURE

37. Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure Plaintiff make this Request for Disclosure to Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **MARY AGUILAR**, Individually, respectfully prays that the Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, CVS PHARMACY, INC., and EMERSON HEALTHCARE, LLC, for damages in an amount within the jurisdictional limits of the Court; exemplary damages as permitted by Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 8 of 9

Ex. A                                                                                          8

legal rate, costs of court; and such other and further relief, either direct or special at law or in equity, to which the Plaintiff may show herself to be justly entitled.

                    Respectfully submitted,

**THE NOTZON LAW FIRM, PLLC**
6999 McPherson Rd., Ste. 325
North Town Professional Plaza
Laredo, Texas 78041
Tel: (956) 717-1961
Fax: (956) 717-2789

By: _____
      **MARCEL C. NOTZON, III**
      State Bar No. 15119001
      **mcn@notzonlawfirm.com**
      **ATTORNEY FOR PLAINTIFF,**
      **MARY AGUILAR**

Plaintiff's Original Petition
Mary Aguilar vs. CVS Pharmacy, Inc., and Emerson Healthcare, LLC
Page 9 of 9

Ex. A    9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marcel Notzon on behalf of Marcel Notzon
Bar No. 15119001
mcn@notzonlawfirm.com
Envelope ID: 73980021
Filing Code Description: Original Petition
Filing Description:
Status as of 3/28/2023 3:05 PM CST

Associated Case Party: MARY AGUILAR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Vanesa San Miguel | | vs@notzonlawfirm.com | 3/24/2023 10:05:16 AM | SENT |
| Marcel CNotzon, III | | mcn@notzonlawfirm.com | 3/24/2023 10:05:16 AM | SENT |

Ex. A                                                                       10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY AGUILAR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:23-CV-00972-K |
| CVS PHARMACY, INC. and EMERSON HEALTHCARE, LLC | § § § § | |
| Defendants. | § | |

**AFFIDAVIT OF PATRICK GIBBONS IN SUPPORT OF DEFENDANT EMERSON HEALTHCARE, LLC'S MOTION FOR SUMMARY JUDGMENT**

Patrick Gibbons makes the following affidavit:

1. My name is Patrick Gibbons. I am over the age of eighteen, of sound mind, and am competent and qualified to make this affidavit.

2. I am the President of Emerson Healthcare, LLC (herein "Emerson"). I have been the President of Emerson since March 2018. In my role, I am personally familiar with the distribution of Sarna anti-itch lotion ("Sarna") by Emerson.

3. Emerson is an authorized distributor for Sarna.

4. Emerson did not design, manufacture, assemble, modify, or alter Sarna in any way during the distribution process. Emerson distributed Sarna in the same form in which it was received from the manufacturer, Crown Laboratories.

5. Emerson did not prepare or exercise any control over any warnings or instructions that accompanied Sarna. Emerson did not make any factual representations about Sarna in the course of its distribution of the product, and Emerson is unaware of any alleged defects at any time with Sarna.

6. Emerson's only involvement with Sarna was to receive it, already packaged from the manufacturer, and distribute it to retailers as directed by the manufacturer.

7. On February 22, 2021, Mary Aguilar notified Roger Gravitte and Anna Marie Lavenia, employees of Emerson, that she has a claim with CVS concerning the Sarna lotion that allegedly burned her face and arms. A true and correct copy of the email communications between Emerson and Ms. Aguilar concerning this report are attached to this Affidavit as Exhibit 1.

Dated: June 26, 2023                    By: _____
                                            Patrick Gibbons

BEFORE ME the undersigned authority, personal appeared PATRICK GIBBONS by means of physical appearance, being first duly sworn, deposes and says that the information in the foregoing affidavit is true and correct.

Subscribed and sworn to me on the 26th day of June 2023, to certify which witness my hand and official seal.

> Commonwealth of Pennsylvania - Notary Seal
> Debra L. DiVitantonio, Notary Public
> Delaware County
> My commission expires November 23, 2023
> Commission number 1294833
> Member, Pennsylvania Association of Notaries

Notary Public

_Debra L. DiVitantonio_
6/26/23

Ex. B                                                                                   12



Begin forwarded message:

**From:** noreply@emersongroup.com
**Date:** February 22, 2021 at 5:00:57 PM EST
**To:** Roger Gravitte <roger.gravitte@emersongroup.com>
**Subject: A Message For You On The Emerson Website, From Mary Aguilar**

Name: Mary Aguilar

Email: MaryAguilar09930032@gmail.com
Phone: 4698394019

Message: Yes sir I have a claim with cvs and they gave me the product company that makes or distributes the lotion that burned my face and arms. Do you have a risk management team who I can speak to claim number #40201251D5D-0001. Thank you have a good day I look forward to hearing from your risk management team

*On 22 Feb 2021 at 08 23 50 PM, annamarie.lavenia@emersongroup.com wrote*
Hi Mary,

Thank you for reaching out to Crown Brands via our relationship with Emerson Healthcare.  We have received your contact information and someone from our medical team will be reaching out to you soon.  We also have communicated your claim information to our team and someone will be in touch with you soon.

We appreciate you contacting us to share your experience.  Should you have any questions or concerns prior to our medical partners or Crown Team members contacting you, please feel free to reach me directly by responding to this email or by calling me at 440-528-0475 (my direct line).  Although I do not have any information for you that is not shared in this email, I'd be happy to speak with you and forward you directly to our Medical Team via phone.

Thank you for contacting us to share your experience.  Our team will be in touch soon.

Thanks,
Anna Marie

13

# THE NOTZON LAW FIRM

ATTORNEYS & COUNSELORS

Marcel C. Notzon, III
North Town Professional Plaza
6999 McPherson Rd., Ste. 325
Laredo, Texas 78041

Telephone: (956) 717-1961
Facsimile: (956) 717-2789
Email: mcn@notzonlawfirm.com

June 7, 2021

**Via Regular &
Certified Mail**
CVS Health Solutions, LLC
ONE CVS Drive
Woonsocket, RI 02895

**Via Regular &
Certified Mail**
Crown Laboratories
207 Mockingbird Ln
Johnson City, TN 37604

Re:   Our Client:      Mary Aguilar
      Date of Loss:    November 1, 2020
      Your Client:     CVS Store

To Whom May it Concern:

Our law firm has been retained to represent Mary Aguilar in a claim for third degree burns she sustained as a result of a cream (Sarna Cream) which was purchased at CVS in Dallas, Texas the incident occurred on November 1, 2020, in Dallas, Texas.

Please provide this office with a statement of your insured's policy limits, the amount of any deductible and the identity and nature of any coverage provisions.

If you should have any questions do not hesitate to contact me.

Very truly yours,

Marcel C. Notzon, III

MCN,III/vs

Ex. C                                                                                14

THE NOTZON LAW FIRM
ATTORNEYS & COUNSELORS
NORTH TOWN PROFESSIONAL PLAZA
6999 McPHERSON, STE. 325
LAREDO, TEXAS 78041

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
10 JUN 2021   PM 4   L



Crown Laboratories
207 Mockingbird Ln
Johnson City, TN 37604

Regulatory

37604-313799