UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY AGUILAR § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 3:23-cv-00972-K |
| CVS PHARMACY, INC. AND § | |
| EMERSON HEALTHCARE, LLC § | |

**DEFENDANT CVS PHARMACY, INC.'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

1. Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 56.3, Defendant CVS Pharmacy, Inc. (hereinafter referred to as "Defendant" or "CVS") moves for summary judgment on all claims asserted by Plaintiff, as further set forth below.

A. **BACKGROUND & SUMMARY**

2. This is a time-barred health care liability claim, arising from alleged injuries sustained by Plaintiff, Mary Aguilar, ("Aguilar" or "Plaintiff"), from her use of an over-the-counter anti-itch cream known as Sarna. Non-Party Crown Laboratories ("Crown") manufactures Sarna, Defendant Emerson Healthcare, LLC ("Emerson") distributes it, and CVS is a pharmacy care provider and non-manufacturing retailer of it.

3. On March 24, 2023, Plaintiff filed suit in state court in Dallas. App. 004-013 (Ex. A). Plaintiff claims strict liability, negligence and gross negligence, breach of express and implied warranties, and DTPA violations. App. 006-009 (Ex. A). More specifically, Plaintiff claims that she applied the Sarna cream and was injured. App. 005 (Ex. A). She pleads that, upon applying it, "it affected her skin and causes [sic] her to lose her on left eye brown hair [sic]; bruises on her right arm and cheek bruises; and third degree burns to the skin," and that "she has sensitive skin

as a result of the injuries she sustained and cannot stay in the sun for extended periods of time. App. 005 (Ex. A).

4. She pleads that she purchased the Sarna cream at a CVS store in Dallas, Texas, on March 24, 2022. App. 005 (Ex. A). However, the evidence establishes that Plaintiff actually bought the Sarna cream on or about November 1, 2020.

### B.   GROUNDS & RELIEF REQUESTED

5. Defendant moves for summary judgment on all of Plaintiff's claims on multiple grounds.

6. First, Plaintiff's personal injury claims are time-barred. Plaintiff incorrectly pleaded that she relied on CVS's representations and purchased the product on March 24, 2022. App. 005 (Ex. A). However, the evidence demonstrates that the events at issue occurred on November 1, 2020, by Plaintiff's counsel's own representation. As such, Plaintiff had to file suit no later than November 1, 2022, but she did not actually file suit against CVS until March 24, 2023. *See* App. 004-013 (Ex. A). Consequently, Plaintiff's claims against CVS are time-barred and should be dismissed.

7. Second, and in the alternative, Defendant did not design, manufacture, or alter, Sarna cream, and as such, is a nonmanufacturing seller under Texas Civil Practice and Remedies Code, Section 82.003. App. 020 (Ex. C). Defendant cannot be liable for any harm to Plaintiff caused by the Sarna based on its pharmacist's alleged recommendation and its alleged sale of the cream and the claims against it should all be dismissed.

8. Third, and in the alternative, Plaintiff's claims for strict liability, breach of express and implied warranties, and DTPA violations are improperly recast healthcare liability claims and should all be dismissed.

C.   **STATEMENT OF FACTS**[1]

9.   As noted above, Plaintiff, erroneously, incorrectly, or falsely alleges in her Petition that she purchased and used Sarna "[o]n or about March 24, 2022," App. 005 (Ex. A).

10.   However, Plaintiff's current counsel of record, Mr. Notzon, sent a letter of representation to CVS and Crown Laboratories on June 7, 2021, in which he represented unequivocally that the incident occurred on November 1, 2020. The relevant excerpt is included below:

> Our law firm has been retained to represent Mary Aguilar in a claim for third degree burns she sustained as a result of a cream (Sarna Cream) which was purchased at CVS in Dallas, Texas the incident occurred on November 1, 2020, in Dallas, Texas.

App. 026 (Ex. C-2). Additionally, on February 22, 2021, Plaintiff emailed Emerson regarding the incident made the basis of this lawsuit. The relevant excerpt is included below:

> From: noreply@emersongroup.com
> Date: February 22, 2021 at 5:00:57 PM EST
> To: Roger Gravitte <roger.gravitte@emersongroup.com>
> Subject: A Message For You On The Emerson Website, From Mary Aguilar
>
> Name: Mary Aguilar
> Email: MaryAguilar09930032@gmail.com
> Phone: 4698394019
>
> Message: Yes sir I have a claim with cvs and they gave me the product company that makes or distributes the lotion that burned my face and arms. Do you have a risk management team who I can speak to claim number #40201251D5D-0001. Thank you have a good day I look forward to hearing from your risk management team

App. 017 (Ex. B-1).

11.   Yet, Plaintiff did not file this lawsuit until March 24, 2023, more than two years after both the November 1, 2020 and although Defendant does not concede it is the accrual date, after even February 22, 2021.

---

[1]   Pursuant to Rule 201 of the Texas Rules of Evidence, Defendant requests the Court take judicial notice of the facts in its file in this matter, including the fact that Plaintiff's Original Petition was filed on March 24, 2023 and that Defendant removed this case to Federal Court on the basis of diversity on May 3, 2023.

D.    **ARGUMENT & AUTHORITIES**

1.    *Summary Judgment Standard*

12.    A motion for summary judgment should be granted when, after considering the materials in the record, including pleadings, discovery, and affidavits, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a); *Costellow v. Becht Eng'g Co.*, No. 1:20-cv-00179, 2022 WL 5320122, *7 (E.D. Tex. July 14, 2022). For a moving party to obtain summary judgment, it must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Only a genuine dispute over a material fact will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Costellow*, 2022 WL 5320122 at *7. A dispute is genuine if the evidence is such that a fact-finder, utilizing the proper evidentiary standard, could render a decision in the non-moving party's favor. *Anderson*, 477 U.S. at 255. Courts must view all facts and inferences drawn from them in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, only reasonable inferences can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech Servs., Inc.*, 504 U.S. 451, 468 (1992).

a.    **Plaintiff's Claims Are Untimely and Barred by Limitations**

13.    In diversity cases pending in Federal Courts, the limitations period is determined by the choice-of-law rules of the forum state. *See Ellis v. Great Sw. Corp.*, 646 F.2d 1099, (5th Cir. 1981); *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 488 (5th Cir. 2023).

14.    The statute of limitations in a health care liability claim is two years. Tex. Civ. Prac. & Rem. Code § 74.251(a); *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001). This two-year statute of limitations starts to run on the date of "the medical or health care treatment that is the subject of the claim." Tex. Civ. Prac. & Rem. Code § 74.251(a). If the specific date of the alleged

tort is ascertainable, limitations accrues and begins to run on that date. *Shah*, 67 S.W.3d at 841; *Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex. 1998).

15. Alternatively, in the event that Plaintiff's claims are found not to be health care liability claims governed by Chapter, 74, the statute of limitations on a claim for personal injury in Texas is still "[no] later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem Code § 16.003(a); *see Zurich Am. Ins. Co. v. JLG Indus., Inc.*, No. 3:11- CV-3431-L, 2012 WL 3193918 (N.D. Tex. Aug. 7, 2012) (finding that whether the claims for personal injury are based in negligence or products liability, the statute of limitations for personal injury actions is two years). Further in the alternative, in the event that Plaintiff's DTPA claims are found not to be recast health care liability claims, DTPA claims also have a statute of limitations of two years. *Perez v. Am. Med. Sys. Inc.*, 461 F.Supp.3d 488, (W.D. Tex. 2020). DTPA claims "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence. . ." Tex. Bus. & Com. Code § 17.565.

16. Regardless of which statute of limitations applies, the limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of [her] complaint." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987). That is, the cause of action accrues when the plaintiff is aware she has suffered an injury. *Id.* The plaintiff's awareness is comprised of both the existence of the injury and the casual connection between the injury and the defendant's actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

17. Plaintiff, erroneously, incorrectly, or falsely alleges in her Petition that she purchased and used Sarna "[o]n or about March 24, 2022," App. 005 (Ex A). However, Plaintiff's counsel's correspondence with a date of loss of November 1, 2020, (App. 026 (Ex. C-2)) and

Plaintiff's email correspondence with Emerson on February 22, 2021 (App. 017 (Ex. B-1)), establish that Plaintiff was aware of having sustained the subject alleged injuries as early as November 1, 2020 and certainly before February 22, 2021.  Either way, she had knowledge sufficient to trigger the statute of limitations more than two years before she filed suit on March 24, 2023.  Furthermore, her counsel was aware of the true date of the alleged loss prior to filing this clearly time-barred lawsuit on Plaintiff's behalf, and causing Defendants CVS and Emerson to incur unnecessary fees and expenses defending against claims that are not viable.

18. Defendant has met its summary judgment burden to show the Court that Plaintiff's claims against them are time-barred.  The burden now shifts to Plaintiff to show the Court that her time-barred claims can be resurrected by pleading and proving an affirmative defense to the limitations bar on their claims.  *See, KPMG v. Harrison Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).  However, in this case, Plaintiff simply cannot meet her burden to prove an affirmative defense to the limitations bar, regardless of the date alleged by her counsel in the Petition.

19. Accordingly, CVS is entitled to summary judgment on all of Plaintiff's claims on the grounds that they claims are time-barred.

### b. Defendant is not liable as a nonmanufacturing seller under Texas Civil Practices & Remedies Code Section 82.003.

20. A products liability action in Texas includes "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code §82.001(2). It is well established that Texas law protects nonmanufacturing sellers through its innocent seller statute, which provides

that "a seller that did not manufacture a product is not liable for harm caused to claimant by that product. . ." Tex. Civ. Prac. & Rem. Code § 82.003(a). A "seller" is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Tex. Civ. Prac. & Rem. Code § 82.001(3). The burden is on the claimant to prove that one of the seven exceptions applies. Tex. Civ. Prac. & Rem. Code § 82.003(a). None of the exceptions apply here. Absent an applicable exception, Texas' nonmanufacturing seller statute bars recovery from a product seller who merely distributes an allegedly defective product. *Alonso ex rel. Est. of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005); *see George v. SI Group, Inc.*, 36 F.4th 611, 620 (5th Cir. 2022) (finding that the nonmanufacturing seller statute essentially "immunizes a nonmanufacturing seller from products-liability claims unless the claimant proves that a statutory exemption applies.").

21.   CVS did not design, manufacture, assemble, or alter Sarna in any way, and is, therefore, a nonmanufacturing seller under Texas Civil Practice & Remedies Code Section 82.003. App. 020 (Ex. C).  CVS's only involvement with Sarna was to receive it, already packaged from the manufacturer, and sell it. App. 020 (Ex. C). As such, CVS falls within the definition of a nonmanufacturing seller under section 82.003 and cannot be held liable for any harm alleged by Plaintiff as a result of the use of Sarna. Tex. Civ. Prac. & Rem. Code § 82.003(a).  Accordingly, CVS is entitled to judgment as a matter of law on all claims asserted by Plaintiff in this case.

    **c.**    **Plaintiff's Claims for Strict liability, Breach of Express and Implied Warranties, and DTPA Violations Are Improperly Recast Health Care Liability Claims**

22.   Further in the alternative, as Defendant contends that all Plaintiff's claims are time-barred, Plaintiff's claims for strict liability, breach of express and implied warranties, and DTPA violations should be dismissed as inappropriately recast health care liability/negligence causes of

action. "Texas courts have repeatedly held that a plaintiff cannot recast a health care liability claim in the language of another cause of action to circumvent the statute's purpose." *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994); *see also Hart v. Wright*, 16 S.W.3d 872, 877 (Tex.App.–Fort Worth 2000, pet. denied).

23. Whether a cause of action is a health care liability claim is a question of law. *Gomez v. Matey*, 55 S.W.3d 732, 735 (Tex.App.–Corpus Christi 2001); *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995). In determining whether plaintiffs have improperly recast their health care liability claims, courts review the underlying cause of action to see if the challenged act was an inseparable part of the rendition of medical services. *Hart*, 16 S.W.3d at 877; *see also Gomez v. Diaz*, 57 S.W.3d 573, 580 (Tex.App.–Corpus Christi 2001).

24. Here, Plaintiff's strict liability, breach of express and implied warranties, and DTPA violations causes of action arise from the same facts as Plaintiff's negligence claim (i.e. alleged departures from the standard of care) and involve the exact same alleged damages. Further, to prove such a claim, Plaintiff must ultimately provide expert medical testimony establishing the alleged departures from the standard of care, proximate cause and cause in fact, and Plaintiff's damages. Thus, the conduct at issue is an inseparable part of the rendition of pharmacy care and summary judgment is appropriate as a matter of law for Plaintiff's claims against CVS for strict liability, breach of express and implied warranties, and DTPA violations. *See, e.g., Boothe v. Dixon,* 180 S.W.3d 915, 920 (Tex. App. – Dallas 2005); *Swanner v. Bowman*, 2002 WL 31478769 (Tex.App.-Dallas 2002, pet. denied) (mem. op.).

E. **CONCLUSION**

25. In summary, Plaintiff was required to file suit against Defendant within two years of the events at issue, so by November 1, 2022, and failed to do so. As such, Plaintiff's claims are time-barred and must be dismissed. Further, CVS is a nonmanufacturing seller under section

82.003 and as such, cannot be held liable for Plaintiff's alleged harm arising from its sale or recommendation, or her use of the Sarna. Finally, Plaintiff's claims for strict liability, breach of express and implied warranties, and DTPA violations are improperly recast health care liability claims and should all be dismissed.

    Respectfully submitted,

    **COOPER & SCULLY, P.C.**

    By:    */s/ Jackie S. Cooper*
          **JOHN A. SCULLY**
          **(Lead Attorney in Charge)**
          Texas Bar No. 17936500
          john.scully@cooperscully.com
          **JACKIE S. COOPER**
          Texas Bar No. 24050861
          jackie.cooper@cooperscully.com

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEY FOR DEFENDANT CVS PHARMACY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system, and/or email, and or US Certified Mail, Return Receipt Requested in accordance with the Federal Rules of Civil Procedure as follows:

Mary Aguilar
3228 Jackal Drive
Lorena, Texas 76655
MarylAguilar03@gmail.com
**Plaintiff Mary Aguilar – pro se**

Alan R. Vickery
Melissa B. Hostick
Bowman and Brooke LLP
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Alan.vickery@bowmanandbrooke.com
Melissa.hostick@bowmanandbrooke.com
**Attorneys for Defendant**
**Emerson Healthcare LLC**

*/s/ Jackie S. Cooper*
**JACKIE S. COOPER**